NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

MICHELLE LYNN STALLWORTH, *Petitioner/Appellant*,

*v.*

RHETT LAMAR STALLWORTH, *Respondent/Appellee*.

No. 1 CA-CV 16-0135 FC
FILED 2-7-2017

Appeal from the Superior Court in Yuma County
No. S1400DO201200196
The Honorable Lawrence C. Kenworthy, Judge

**AFFIRMED**

COUNSEL

Meerchaum & Orduno PLLC, Yuma
By Candice Orduno-Crouse
*Counsel for Petitioner/Appellant*

S. Alan Cook, PC, Phoenix
By S. Alan Cook, Sharon Ottenberg
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**H O W E**, Judge:

¶1         Michelle Lynn Stallworth ("Mother") appeals from the trial court's order modifying the parties' parenting plan and child support obligation. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2         In 2012, the trial court dissolved Mother's marriage to Rhett Lamar Stallworth ("Father") and ordered joint custody over the parties' children. The court ordered Father to pay $1,500 monthly in child support, noting that the amount was an upward deviation from the Arizona Child Support Guidelines. *See* A.R.S. § 25–320 app.

¶3         The court ordered equal parenting time with a weekly exchange on Fridays. The parenting plan provided for a holiday schedule with no set exchange time and ordered that each parent may have telephone contact with the children during normal waking hours. The court awarded Father final decision-making authority regarding educational and medical decisions. The court ordered that the parents consult each other regarding extra activities.

¶4         In 2015, Father filed an emergency motion for temporary orders without notice to modify the parenting plan to permit the children to participate in registered sports activities, which the trial court granted. At the same time, Father petitioned to modify the parenting plan and child support. Specifically, Father requested that the parenting plan be modified to establish a Sunday exchange day and an exchange time for holidays. Father also requested an order that the parties have telephone access to the children via the children's cell phones. Father sought to fine tune the right of first refusal order by making it effective when the exercising parent is absent more than three hours. Father requested an order that the children take part in special events regardless of the parenting time schedule. Father also sought to modify child support in accordance with the Guidelines.

¶5          Mother agreed that the parenting time order should be modified but requested the children reside primarily with her and opposed Father's request to modify child support. At trial, Mother argued that the court should include in Father's income his bonuses and his new spouse's income. Father testified that his bonuses were not guaranteed and that his current wife does not pay any of his bills or contribute to the mortage.

¶6          After the trial, the trial court modified the parenting plan in accordance with Father's requests and modified child support to $285 per month. The trial court continued its order awarding joint legal decision-making authority with Father having final authority over educational and medical decisions after consultation with Mother. The court also ordered that the earlier emergency orders become final. Mother timely appealed.

## DISCUSSION

### 1. Temporary Order

¶7          Mother argues that the trial court erred by granting its emergency temporary order without notice to permit the children to participate in registered sports activities, contending that Father showed no irreparable harm. Because the parties stipulated to hear the matter with Father's petition to modify, Mother waived any objection to the temporary order. Further, because the court ruled that the temporary order had become final, the issue is moot, and we do not consider it. *See Slade v. Schneider*, 212 Ariz. 176, 179 ¶ 15, 129 P.3d 465, 468 (App. 2006) ("Generally, a court will not consider moot questions.").

### 2. Parenting Time

¶8          Mother argues that the trial court erred by modifying parenting time.[1] We review such orders for abuse of discretion. *Baker v. Meyer*, 237 Ariz. 112, 116 ¶ 10, 346 P.3d 998, 1002 (App. 2015). Mother contends that the trial court failed to make the prerequisite change in circumstances findings and best interests analysis as Arizona law requires.

---

[1]          To the extent Mother challenges the trial court's legal decision-making ruling, we do not address this argument because the court did not alter the decree provisions concerning legal decision-making authority.

No such findings or analysis were required, however, because the court did not alter parenting time.

¶9        Although Mother believes that the trial court's ruling modified parenting time, what Father sought and what the court ultimately ordered were additional details and clarification to the parenting plan. The court's post-decree parenting plan merely altered the exchange date, which had been the parties' practice since entry of the decree, and set a holiday exchange time when previously no time had been set. Further, the ruling provided that the previously ordered telephone access be on the children's cell phones and that the previously ordered right of first refusal be effective for periods over three hours with notification. Finally, the parenting plan provided that the children could attend special events with a makeup time option and that the children could participate in sports for which they are registered. Mother acknowledges that these modifications were "minor" and did not "reflect[] anything different than from what was already determined in the decree."

¶10        To the degree the ruling differed from the initial parenting plan by mandating attendance at special events regardless of the parenting time schedule, the trial court's order reasonably provided a makeup time option. The ruling differed from the initial parenting plan by requiring the parents to ensure that the children could participate in registered sporting activities, regardless of parenting time. However, the ruling does not preclude either parent from registering the children in sporting activities but implicitly requires that the parents consult regarding which sports the children are registered for. Thus, we find no abuse of discretion with the court's order that reasonably clarifies how the parties should implement the pre-existing parenting plan.[2]

### 3. Child Support

¶11        Mother also challenges the trial court's award modifying child support, contending that Father failed to prove a substantial and continuing change in circumstances warranting modification and that the court erred by calculating Father's income. We review for abuse of discretion the modification of child support. *Little v. Little*, 193 Ariz. 518, 520 ¶ 5, 975 P.2d 108, 110 (1999). We view the evidence in the light most

---

[2]        Because the trial court did not modify parenting time, we do not address Mother's argument that the court erred by admitting an audio recording.

favorable to upholding the order and will affirm unless the record is "devoid of competent evidence to support" the decision. *Id.*

¶12          Mother argues that no evidence supported a change in circumstances to modify child support as A.R.S. §§ 25–327(A) and –503(E) require. The trial court found a change of circumstances justifying modification, however, because Father had been paying 100% of the children's schooling and extracurricular activities, which the decree did not contemplate. The record supports those findings. Moreover, because the modified child-support order based on application of the Guidelines varied more than 15% from the existing child support order, the requisite change requirement is satisfied. Guidelines § 24(B). Guidelines § 24(B) states that a 15% variation "will be considered evidence of substantial and continuing change of circumstances." Thus, a change of circumstances existed.

¶13          Relying on *Little*, Mother argues that the trial court ignored the effect the child support modification would have on the children. In *Little*, the Arizona Supreme Court adopted a balancing test—the primary factor of which is the effect on the children—to determine whether a voluntary employment change constitutes a sufficient change in circumstances justifying child support modification. 193 Ariz. at 522–24 ¶¶ 11–18, 975 P.2d at 112–14. The balancing test has no application in this case because Father has not voluntarily reduced his income.

¶14          As for the income calculation, Mother contends that the trial court erred by excluding Father's bonus income. In determining income for child support purposes, the Guidelines provide that "[i]ncome from any source which is not continuing or recurring in nature need not necessarily be deemed gross income for child support purposes." Guidelines § 5(A). Father testified that his bonuses were not guaranteed. The court thus did not abuse its discretion by excluding Father's bonus income from the child support calculation.

¶15          Mother further argues that the trial court erred by excluding Father's current spouse's income from the child support calculation. The Guidelines provide that "[o]nly income of persons having a legal duty of support shall be treated as income." Guidelines § 5(F). "[I]ncome of a parent's new spouse is not treated as income of that parent." *Id.* Although Mother relies on *In re Marriage of Pacific*, 168 Ariz. 460, 815 P.2d 7 (App. 1991) in support of her position, that case interpreted the version of the Guidelines in effect in 1987 and is inapposite here. Thus, the trial court did not err.

**CONCLUSION**

¶**16**         For the foregoing reasons, we affirm. In our discretion, we deny each party's request for attorneys' fees.



AMY M. WOOD • Clerk of the Court
FILED:  AA